CARTAGENA, PLAINTIFF AND APPELLEE, *v.* DÁVILA, DEFENDANT
AND APPELLANT.

APPEAL from the First District Court of San Juan in an
Action of Unlawful Detainer.—Motion for Dismissal.

No. 3093.—Decided July 18, 1923.

JUDGMENT—RENDERING JUDGMENT—DOCKETING JUDGMENT.—When a case has been
duly submitted to a court having jurisdiction the court may render judgment
orally or in writing in open court, or in writing during the term without
necessarily rendering it in open court, and in either case it is the minis-
terial duty of the clerk to enter it in the judgment docket and also, pur-
suant to the law in force in Porto Rico, to attach a copy of it to the
record of the case. The judgment is the judicial act of the court and
its docketing is the ministerial act of the clerk.

UNLAWFUL DETAINER—APPEAL—NOTICE OF APPEAL.—The judgment having been
rendered and docketed on June 8th and the notice of appeal filed on June
15th, it follows that in this case of unlawful detainer the period for filing
a notice of appeal fixed by the Act providing for taking appeals had ex-
pired and hence the appeal should be dismissed.

The facts are stated in the opinion.

*Messrs. R. H. Blondet* and *J. Valldejuli* for the appellant.
*Mr. F. Soto Gras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

This is an action of unlawful detainer. The appellee
moved for the dismissal of this appeal on the ground that it
was taken after the expiration of the time allowed by law.
He alleged that the judgment was rendered and docketed on
the 8th of June and, therefore, that when the appellant filed
his notice of appeal on the 15th of July the five days allowed
therefor by the special statute governing the matter had
expired.

The appellant opposed the motion and alleged that the
judgment had not been duly rendered or docketed; that
notwithstanding his efforts he could not obtain knowledge of
its existence until the 11th of June when he was given notice
of it and, therefore, that his appeal on the 15th was taken in
time.

Considering the short time allowed for an appeal and it being possible that the appellant might be right, the court permitted the filing of affidavits and ultimately called as a witness the clerk of the First District Court of San Juan in which the judgment was rendered in order to make the facts clear.

The evidence showed that the journal and the judgment docket are not kept in that court with the necessary care, but as far as the judgment in this case is concerned the court examined the original sheet on which it appears to have been rendered and docketed, with the signatures of the judge and the clerk, and the clerk stated under oath that it was so docketed on the day therein stated, or the 8th of June, 1923.

From the said sheet, which is a part of the judgment docket not yet bound, it appears that the judgment was rendered in open court. The testimony of the clerk was that it was rendered in chambers. Everything induces the belief that the clerk spoke the truth. This being so, can the judgment be considered as having been duly rendered?

The appellant cites no statute or jurisprudence from which it may be concluded that judgments must necessarily be rendered in open court.

A judgment is a final determination of the rights of the parties in an action or proceeding. Section 188 of the Code of Civil Procedure. When a case has been duly submitted to a court having jurisdiction the court may render judgment orally or in writing in open court or in writing within the term without the necessity of doing it in open court, it being in either case a ministerial duty of the clerk to enter the judgment in the judgment docket and besides, in accordance with the statute in force in Porto Rico, to attach a copy of it to the record of the case.

The judgment is the judicial act of the court. Its docketing is the ministerial act of the clerk. 15 R. C. L. 571. In

this case the judicial act was performed when the judge to whom the action of unlawful detainer had been duly submitted, based on the pleadings and the evidence and within a term of the court, finally determined the rights of the parties by sustaining the complaint in his decision in writing and signing it, and the ministerial act also was performed, for the clerk signed the original and placed it in the envelope in which the sheets of the judgment docket are kept until there are two hundred, according to his testimony, when they are bound and so preserved in the archives of the court.

From the affidavits exhibited by the appellant it appears, in our opinion, that if his attorneys made efforts to ascertain whether the judgment had been rendered, their efforts were not as complete as they might have been. The clerk stated under oath that the attorneys did not ask him directly whether the judgment had been rendered.

In the investigation of this case we have gone as far as an appellate court can go. The lawful fact before us is that the judgment was rendered in writing and signed by the judge during a term of the court on June 8th and was docketed by the clerk on the same day.

From the moment when the judgment was thus perpetuated it was easily accessible to the appellant and the time within which an appeal could be taken began to run. This period is five days. The appeal was taken on the 15th. A simple arithmetical calculation shows that when the notice of appeal was filed the right to appeal had ceased to exist. *Barbosa* v. *Fernández,* 28 P. R. R. 283; *Ramírez* v. *Pérez,* 25 P. R. R. 214, 216; *Figueroa et al.* v. *Sepúlveda,* 24 P. R. R. 645.

The appeal must be dismissed.

*Appeal dismissed.*

Justices Wolf, Aldrey and Hutchison concurred.
Mr. Justice Franco Soto dissented.